UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DIPESA )<br>    Plaintiff )<br>)<br>v. )<br>)<br>HOME DEPOT USA, INC. )<br>    Defendant ) | **DOCKET NO.: 06-1929-JLA** |

**PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORY NO. 13 and
MOTION TO COMPEL APPEARANCE OF RULE 30(b)(6) DEPONENT**

Plaintiff moves the Court to compel further answers to interrogatory no. 13 and to compel the appearance of a Rule 30(b)(6) deponent. The discovery at issue pertains to prior incidents of falling lumber merchandise at Home Depot stores. Counsel for the parties conferred on the issue and have narrowed the dispute to the following:

Plaintiff seeks discovery of prior incidents for a five-year period for all of the defendant's retail stores in the United States. Defendant agrees to provide such discovery, but only for its stores in Massachusetts.

The geographic scope of the discovery should include all U.S. stores because (1) defendant directly owns, operates and manages all of its nationwide chain of retail stores; and, (2) the safety policies/procedures and incident reporting requirements at issue in this case apply uniformly to all of the defendant's U.S. stores, not just those in Massachusetts.

I.   **BACKGROUND**.

This is a retail premises liability claim arising out of a falling merchandise incident at the Home Depot store in Everett, Massachusetts on November 23, 2004.  At that time, the plaintiff was shopping for lumber in the lumber department.  The lumber was displayed in large vertically stacked racks.  As he was removing one long plank of lumber from such a rack, the far end came into contact with a large, heavy 1x6x12 foot plank of lumber in an adjacent rack.  The 1x6x12 foot plank was unsecured by any safety rails or cables (as it should have been according to Home Depot policy) and it fell and struck the plaintiff on the head (rupturing a disc and requiring spinal fusion surgery).

The deposition of the Rule 30(b)(6) designee for Home Depot safety policy testified that:

- --   The lumber display racks are equipped with toe rails and safety cables that are intended to keep lumber in each rack and to prevent lumber from falling into the aisles.

- --   These precautions are intended for customer safety.

- --   Store policy and personnel training procedures explicitly address the need to maintain all vertically displayed lumber inside the toe rails and safety cables in order to prevent injury to customers.

- --   Home Depot was aware that customers would remove vertically displayed lumber from the racks and not place them back inside the toe rails and safety cables.

- --   Home Depot therefore trained all personnel to replace any such lumber back inside the toe rails and safety cables of the vertical display racks.

    --     The only way that the subject piece of lumber could have fallen from the rack and struck the plaintiff would be if it had been located outside the toe rails and safety cables, in violation of the store's own safety policies.

These lumber display policies and procedures are uniform for all Home Depot stores; they are not specific to Massachusetts.

Via interrogatory and Rule 30(b)(6) deposition notice, plaintiff sought discovery of prior incidents of falling lumber merchandise at all stores nationwide. The plaintiff partially answered the interrogatory but did not produce a Rule 30(b)(6) witness.[1]

---

[1]  INTERROGATORY NO. 13

Please state whether any legal actions have been filed against Defendant, its agents, servants and/or employees or predecessors concerning any personal injuries or death resulting from falling merchandise on The Home Depot premises (1) at the subject premises; (2) in Massachusetts; and (3) and in the United States including:

    a.    the caption, jurisdiction and filing number;
    b.    the nature of the injury which was alleged to have occurred;
    c.    the address of the store location where the injury occurred;
    d.    whether the action has been settled, adjudicated or is pending; and
    e.    the name and address of the person having custody of all records relating to all legal actions against Defendant, its agents, servants and/or employees.

ANSWER NO. 13

This interrogatory is objected to on the grounds that it is overly broad, unduly vague and burdensome and, therefore, beyond the scope of F.R.C.P. 26 and 33. This interrogatory is further objected to on the ground that it would contain information privileged under Rule 26 (b)(3) regarding the attorney's work product including the attorneys' thoughts, impressions, views, strategy, conclusions, and other similar information produce by the attorney in anticipation of litigation. Without prejudice to the preceding objections, and upon the signing of a confidentiality agreement, the defendant will produce a list of incidents in which a customer alleges being injured by falling merchandise for the subject store for 3 years prior to the alleged incident.

Since that time, counsel attempted in good faith to resolve the issue. Plaintiff has agreed to narrow the scope to falling lumber merchandise incidents for a five-year period for all stores within the United States. Defendant has agreed to this, but only for its stores in Massachusetts. Defendant also claims that it is unable to produce a Rule 30(b)(6) witness to testify even as to any prior incidents.

## II. DISCOVERY OF PRIOR INCIDENTS SHOULD NOT BE LIMITED TO MASSACHUSETTS

Defendant does not quarrel with the proposition that prior incidents are generally discoverable. Indeed, evidence of prior

---

SUPPLEMENTAL ANSWER NO. 13

The only matter that resulted in legal action noted below is the matter involving Christopher Tello. The others noted below were reported incidents.

> 10/18/02. Christopher Tello. Lumber fell from a fork lift striking his left foot.
>
> 5/17/04. Tom Connors. Connors was selecting 12 foot pine boards when one of the boards slipped from the bay and struck his right foot causing a contusion.
>
> 3/31/02. Augusto Tovias. Tovias was getting a 2x4 and took the safety pin out and was struck on the head by a falling 2x4 causing a laceration on the top of his head.
>
> 10/21/03. Kathleen Bearse. Bearse bumped a piece of 2x4x10 while shopping and it fell on her right finger causing a laceration ring finger and an abrasion to index finger.

See Defendant's Answer to Interrog. No. 13 (Exhibit A).

Plaintiff's Rule 30(b)(6) deposition notice requested the appearance of a corporate designee knowledgeable to testify regarding:

> "Prior incidents of falling merchandise/inventory resulting in legal actions or claims for personal injury or death against the defendant occurring (1) at the subject premises and (2) at all other of the defendant's retail locations throughout the United States."

See Rule 30(b)(6) Deposition Notice at ¶4 (Exhibit B).

incidents is typically deemed admissible at trial as being relevant and probative as to the foreseeability of harm, the defendant's notice of a safety hazard, and/or the ineffectiveness of defendant's safety policies and procedures. See e.g. Cameron v. Otto Bock Orthopedic Industry, Inc., 43 F.3d 14, 16 (1st Cir. 1994) (prior incidents of prosthesis failure admissible to establish notice of defect to manufacturer). Reciprocally, defendants are often permitted to offer negative evidence regarding a lack of prior incidents (when such is the case) in order to rebut the issue of notice. See e.g. Harrison v. Sears, Roebuck and Co., 981 F.2d 25 (1st Cir. 1992).

Instead, this defendant simply objects to the geographic scope of the requested discovery. Plaintiff seeks prior incidents for all U.S. retail stores; defendant will only agree to Massachusetts. Defendant's proposed cut-off, however, is far too narrow and arbitrary when viewed in light of the standardized nature of the defendant's national retail operations.

The defendant directly owns, operates and sets safety policy for all of its U.S. stores out of its corporate headquarters in Atlanta, Georgia. The safety policies at issue in this case relate to the proper display of lumber merchandise in Department 21, the number assigned to the lumber department in every one of the defendant's stores across the country. Those written policies (which are the subject of a Stipulation of Confidentiality but can be made available to the Court at hearing) are uniform for every Department 21 in all 50 states. Thus, the subject store in Everett is subject to the very same

lumber stacking/racking standards and policies as every other store in the country.

In addition, the defendant has direct knowledge of all falling merchandise incidents that occur at any of its U.S. stores. The defendant adopted a standardized risk management policy which mandates that for every store incident certain information must be documented on a standardized form and mailed to a specific address at defendant's corporate headquarters in Atlanta, Georgia.

Thus, the defendant is hard-pressed to assert that the requested discovery, though perhaps voluminous and time-consuming to assemble, is unduly burdensome or somehow irrelevant.

As the party resisting discovery, defendant has the burden to demonstrate that the requested information is not discoverable. See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 139 F.R.D. 269 (D.Mass. 1991); Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24 (D.Mass. 1987). Defendant has not met that burden.

### III. DEFENDANT MUST PRODUCE A RULE 30(b)(6) WITNESS TO TESTIFY REGARDING PRIOR INCIDENTS

Though requested to do so, defendant did not produce a Rule 30(b)(6) witness to testify regarding prior incidents. Defendant suggests that it is unable to produce such a witness, whether or not such discovery is limited to Massachusetts.

Defendant cannot avoid its obligation under the Rule 30(b)(6) to "designate one or more officers, directors, or

managing agents, or other persons who consent to testify on its behalf" to "testify as to matters known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). Indeed, defendant purported to designate such an agent when an in-house paralegal named Catherine Rice signed the answers to interrogatories on behalf of the defendant in which she provided some but clearly not all of the requested discovery of prior incidents. Defendant can always produce Catherine Rice and direct her to testify regarding this information which is "reasonably available to the organization" via the standardized incident forms that the defendant requires for all store incidents. Or the defendant can designate someone else to do so; the point is that it has to designate someone.

   WHEREFORE, plaintiff requests that the Court order the defendant to further answer interrogatory no. 13 and to produce a Rule 30(b)(6) deponent regarding prior incidents of falling lumber merchandise at all of its retail stores in the United States for the five-year period preceding the subject incident. A proposed order is attached hereto (Exhibit C).

Respectfully submitted,
THE PLAINTIFF,
PAUL DIPESA,
By his attorneys,


/s/ Jonathan D. Sweet, Esq.
Jonathan D. Sweet, BBO# 634755
Swartz & Swartz
10 Marshall Street
Boston, MA  02108
(617) 742-1900

DATED: July 3, 2007


### REQUEST FOR ORAL ARGUMENT

    I, Jonathan D. Sweet, Esq., do hereby state pursuant to Local Rule 7.1(D) that oral argument may assist the Court and I wish to be heard on the matter.

                                    /s/ Jonathan D. Sweet
                                      Jonathan D. Sweet


### CERTIFICATE OF SERVICE

    I, Jonathan D. Sweet, Esq., do hereby certify that I have served a copy of the foregoing document upon the defendant by mailing the same, first class mail, postage prepaid to counsel of record: Peter L. Bosse, Esq., Boyle, Morrisey & Campo, P.C. 695 Atlantic Avenue, Boston, MA 02111.

                                    /s/ Jonathan D. Sweet
                                      Jonathan D. Sweet


### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I, Jonathan D. Sweet, Esq., do hereby certify that counsel have conferred pursuant to Local Rule 7.1(A)(2) in good faith in an attempt to resolve or narrow the issues presented in the foregoing motions.

                                    /s/ Jonathan D. Sweet
                                    Jonathan D. Sweet

Case 1:06-cv-10929-JLA    Document 10    Filed 07/03/2007    Page 9 of 9